PER CURIAM:
*245 Claimant brought this action for vehicle damage which occurred when her 2007 Honda Civic struck a hole as her husband, Jed Allen Reed, was driving near Mile Marker 160 in Monongalia County. 1-79 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on March 20, 2008. The speed limit on 1-79 is seventy miles per hour. Mr. Reed testified that he was driving on the bridge at between seventy-three and seventy-four miles per hour when the vehicle struck a hole in the road. The hole was located in the right lane of traffic and was approximately one foot long, two feet wide, and six to eight inches deep. The photographs demonstrate that the bridge’s rebar was exposed inside the hole. Claimant was unable to maneuver his vehicle into the left lane to avoid the hole due to traffic. Mr. Reed stated that he traveled on this portion of the interstate approximately one week prior to the incident, and he did not recall seeing the hole at that time. As a result of this incident, claimant’s vehicle sustained damage to its front tire ($68.90) and rim ($451.09). Thus, claimant’s damages total $519.99. Since claimant’s insurance deductible at the time of the incident was $500.00, her recovery is limited to that amount.
The position of the respondent is that it did not have actual or constructive notice of the condition on 1-79. Respondent did not present a witness at the hearing.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. The location of the hole on a heavily traveled portion of the interstate, where vehicles travel at high speeds, leads the Court to conclude that respondent had constructive notice of the condition on 1-79. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to her vehicle. Notwithstanding the negligence of the respondent, the Court is also of the opinion that the driver was negligent since he was traveling above the posted speed limit at the time of the incident. Also, the driver was talking on his cellular telephone, which could have been a distraction. Based on the above, the Court finds that the driver’s negligence equals ten-percent (10%) of claimant’s loss. Since the driver’s negligence is not greater than or equal to the negligence of the respondent, claimant may recover ninety-percent (90%) of the loss sustained.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $450.00.
Award of $450.00.